**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Michael GARNER, Defendant—**
**Appellant.**

No. 05–10065.

D.C. No. CR–04–00197–CRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 2005.

Decided Oct. 25, 2005.

Stacey P. Geis, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Josh A. Cohen, Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before B. FLETCHER, GIBSON,* and BERZON, Circuit Judges.

## MEMORANDUM **

Michael Garner appeals from the denial of his pretrial motion to suppress evidence on the basis of an illegal search. Garner contends that the police lacked reasonable suspicion to believe that he was armed and dangerous and were therefore unjustified in performing a frisk for weapons pursuant to *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The district court concluded that the undisputed facts surrounding the frisk amounted to reasonable suspicion and denied the motion to suppress. We affirm.

As with any *Terry* reasonable suspicion inquiry, we look to the "totality of the circumstances." *United States v. Arvizu,* 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). We agree with the district court that this case presents a number of factors that, taken together, would lead a reasonable officer to believe that Garner was armed and dangerous and that a limited *Terry* frisk was necessary to ensure the officer's safety.

First, the frisk occurred in the early morning hours in a high-crime area. *See Adams v. Williams,* 407 U.S. 143, 147–48, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Gar-

ner was improperly operating an unregistered motorcycle and produced a license that indicated that he was not authorized to drive a motorcycle. These circumstances created a reasonable suspicion that he might have committed vehicle theft, a serious crime in which the perpetrator could well be armed. *See United States v. Garcia–Rivera,* 353 F.3d 788, 791 (9th Cir. 2003). Finally, Officer Kirchner was aware that Garner had a prior police contact for carrying a concealed weapon and conducted the frisk immediately after Garner confirmed that he had been arrested for carrying a concealed weapon. *Cf. id.*

In conjunction, these undisputed facts are sufficient to establish a reasonable belief that Garner was armed and dangerous and that a limited *Terry* frisk was necessary.[1] To hold otherwise would require the officers to take unnecessary risks with their safety. *See United States v. Mattarolo,* 209 F.3d 1153, 1158 (9th Cir.2000).

**AFFIRMED.**

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The fact that Garner was standing in close proximity to Officer Kirchner and wearing a jacket capable of concealing a weapon are far less significant factors in the analysis, although neither is wholly irrelevant. In particular, while Garner's jacket cannot *add* to a finding of reasonable suspicion, it is worthy of consideration because it suggests that Garner's attire did nothing to *dispel* Officer Kirchner's reasonable fear for his safety. *See Terry,* 392 U.S. at 30, 88 S.Ct. 1868.